Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ANNA GREENBERG, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of Her Husband, ALEXANDER GREENBERG, *v.* MAX GREENBERG, Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 10, 1920.

**Workmen's Compensation Law — failure of Industrial Commission to determine material question of fact — award reversed.**

Where the State Industrial Commission fails to determine the question whether an employee who was crushed and killed by an elevator was at the time attempting to run the elevator against orders or whether

the operating mechanism of the elevator became caught in the materials which were being loaded thereon, an award will be reversed and the claim remitted to the Commission for further action.

APPEAL by the defendants, Max Greenberg and another, from a decision and award of the State Industrial Commission, made and entered in the office of said Commission on the 15th day of April, 1920.

*James B. Henney* [*William H. Foster* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

H. T. KELLOGG, J.:

The employer was a boss painter who had a job to paint the hallways in an apartment house. The deceased was one of three employees employed to execute the job. For the use of the tenants an elevator was maintained in the building. It was the practice of the painters to carry their ladders, canvases and paint pots into the elevator every night in order to be taken to the cellar where they might store them until morning. At the close of the day of the accident the deceased with one Steinberg carried a load of articles to the elevator. Steinberg entered first and when depositing his load in the corner felt the elevator move upwards. He turned around and saw the deceased near the elevator switch apparently partly in the doorway and partly in the elevator. When the elevator reached the floor above the deceased was struck by the ceiling and killed. It is not known whether the deceased attempted to start the elevator or whether the mechanism was so jarred or struck that it automatically began to operate. It required a turn and a half of a large wheel to start the mechanism, so that it was at least highly improbable that any blow could accidentally have been struck which would have caused the necessary revolutions. On the other hand, if the deceased had started to operate the elevator he was acting outside the scope of his employment. It was not known to his employer that he had ever tried to operate it until noon of the day in question when his employer rebuked him and forbade his doing so again. He had run it a few

times before, but had not made it a practice, nor was such a practice permitted. The Industrial Commission in this dilemma made the alternative finding that " the said elevator was set in motion either by the deceased attempting to run the same, or the mechanism of the same having gotten caught in the large sheets of canvas that were being taken to the upper floors." Having made no decision between the two alternatives expressed the Commission has not eliminated the contingency that the deceased was killed by running the elevator himself, and doing that which he was not only not employed to do, but that which he was particularly directed never to do. We express no opinion as to whether the evidence would bear the construction that the elevator started automatically, preferring as the wiser course the remission of the case to the Commission not only for corrected findings but for the taking of further proof, if the same appear desirable.

The award should be reversed and the claim remitted to the Industrial Commission for further action.

All concur.

Award reversed and matter remitted to the Commission for its further action.